Houston, J.
This action arises from a claim in tort brought by Morton Brody (Brody) against The Flatley Company doing business as Sheraton-Tara Newton (Flatley) for injuries he sustained when he slipped and fell in a bathtub in a guest room of the hotel on April 4, 1994. Flatley seeks to discover the identity of expert witnesses, scientific information, photographs, documentary evidence, exhibits, and all documents which Brody intends to offer into evidence at trial. Brody objects to these requests on the grounds he has not yet determined the evidence he intends to offer at trial, and such information is attorney work product. Flatley additionally seeks to compel receipts for payment for the plaintiffs patronage of Flatley’s hotel for five years prior to the incident at issue. For the reasons set forth below, Flatley’s motion to compel supplemental answers to interrogatories and production of documents is ALLOWED in part and DENIED in part.
DISCUSSION
Massachusetts Rules of Civil Procedure allow discovery of “any matter, not privileged, which is relevant to the subject matter involved in the pending action, including information which although inadmissible at trial, appears reasonably calculated to lead to the discovery of admissible evidence.” Mass.R.Civ.P. 26(b); see Hull Municipal Lighting Plans v. Massachusetts Municipal Wholesale Electric Co., 414 Mass. 609, 615 *42 (1993). According to rule 26, a parly may properly request the identity of expert witnesses, the opinions held by them, and the expected nature of the experts’ testimony.[1] Flatley is therefore entitled to a supplemental answer to interrogatoiy number 7,[2] unless Brody has no expectation of presenting expert testimony. Moreover, Brody has a duty to “seasonably” supplement his responses with regard to the identification of expert witnesses and the nature of the expert’s expected testimony. Mass.R.Civ.P. 26(e)(1)(B).[3]
Brody objects to interrogatory no. 16,[4] first on the grounds that it exceeds the limit for interrogatories as dictated by the procedural rules. Mass.R.Civ.P. 33.[5] Brody, however, fails to provide the court with sufficient documentation that interrogatory no. 16 is actually the 50th interrogatory. Interrogatory no. 16, however, as well as requests for Production of Documents nos. 20-22[6] are requests for material which is undiscoverable attorney work product. The attorney work product doctrine, codified in Mass.R.Civ.P. 26(b), protects “1) documents or other tangible things, 2) prepared in anticipation of litigation, 3) by or for a party, or by or for a party’s representative.” City of Worcester v. Management Co., Inc., 839 F.Supp. 86, 88 (D.Mass. 1993); see Hickman v. Taylor, 329 U.S. 495 (1947).
Decisions regarding which documents will be produced at the time of trial are difficult to formulate before discovery is completed, and is therefore an improper discovery request. Moreover, the shield preventing the discovery of documents prepared in anticipation is not absolute, but such materials are only discoverable upon a showing that the party seeking (he material “has substantial need of the materials in Ihe preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.” Mass.R.Civ.P. 26(b)(3). Flatley, however, has made no assertion that it is unable to otherwise obtain the requested information by other methods. Furthermore, Flatley is free, on its own behalf, to inspect and test “the subject matter of this case” as it is referred to in interrogatory no. 16.
The selection of documents which Brody prepared in anticipation of the trial cannot be compelled. However, request for documents no. 23 designates materials “from any and all expert witnesses.” As discussed above, Brody is required to disclose information regarding expert witness, including the identity of such expert witness(es) and the basis of expected nature of (he testimony. Mass.R.Civ.P. 26(b)(4).
Request for documents no. 24,7 pertains to discoverable items which are relevant to this action. Brody must provide to Flatley any existing records in answer (o this request, pursuant to the time frame set forth below.
ORDER
Defendant The Flatley Company’s motion to compel supplemental answers to interrogatories and production of documents from the plaintiff is ALLOWED as to interrogatory no. 7 arid request for documents nos. 23 and 24, and is DENIED as to interrogatory no. 1.6 and request for documents nos. 20-22. Morton A. Brody is hereby ORDERED to produce any existing documents in answer to interrogatory no. 7 and request for documents nos. 23 and 24 within 21 days.

 “Trial Preparation: Experts. Discovery of facts known and opinions held by experts, otherwise discoverable under the provision of subdivision (b)(1) of this rule and acquired or developed in anticipation of litigation or for trial, may be obtained only as follows: (A) (i) A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion." Mass.R.Civ.P. 26(b)(4).

 interrogatory no. 7 states: “Identify each expert witness that you expect to call at the trial of this action and with respect to each state: a. the subject matter on which each is expected to testify; b. the substance of the facts and opinion to which he is expected to testify; and c. a summary of the grounds for each such opinion.”

 “A party is under a duty seasonably to supplement his response with respect to any question directly addressed to . . . (B) the identity of each person expected to be called as an expert witness at trial, the subject matter on which he is expected to testify, and the substance of his testimony.” Mass.R.Civ.P. 26(e)(1)(B).

 interrogatory no. 16 states: “Please identify any and all scientific tests, reports, photographs, video tapes, audio tapes or experiments that were made concerning the subject matter of the complaint stating the date of each item, who performed or made such test, experiment, photographs, report, videotape, or audiotape and the results of each such item.”

 “No party shall serve upon any other party as of right more than thirty interrogatories, . . .” Mass.R.Civ.P. 33.

 Request for documents nos. 20-22 state: No. 20: “Any and all photographs which the plaintiff intends to offer into evidence at the trial of this action.” No. 21: “Any and all documentary evidence which the plaintiff intends to offer at the time of trial.” No. 22: “Any and all exhibits, documents, maps, diagrams, reports, photographs, or physical evidence which you obtained concerning the accident which is the subject matter of the complaint or which you intend to introduce into evidence at trial.”

 Request for documents no. 24 states: “Any and all records of any receipt for payment for the plaintiffs occupancy at the defendant’s hotel for five years prior and subsequent to the incident alleged in plaintiffs complaint.”